JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-02472-JHN-AGRx | Date | April 13, 2010 |
|---|---|---|---|
| Title | Philip J. Layfield et al v. National City Bank et al | | |

| Present: The Honorable | Jacqueline Nguyen | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER REMANDING TO LOS ANGELES SUPERIOR COURT   (In Chambers)

On April 5, 2010, this action was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446.  Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc*., 813 F. 2d 1368, 1372 (9th Cir. 1987).

A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841 (1983).[1]  In many situations, where the violation of a federal statute is one of several independent allegations supporting a state law cause of action, courts have determined that the state law cause of action does not "necessarily turn" on the construction of the federal statute. *Rains v. Criterion Sys., Inc*., 80 F.3d 339, 345-46 (9th Cir. 1996); *see also id.* at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Here, Removing Defendant's only assertion of federal subject matter jurisdiction is that "the Complaint purports to contain one cause of action for breach of contract premised upon an alleged violation of 12 C.F.R. Section 226 et seq. ('Regulation Z'), which pertains to 15 U.S.C. § 1601 et seq (Truth in Lending Act)." (Notice ¶ 1.)  Plaintiffs' complaint asserts one cause of action for breach of contract, in which

---

[1] The "actual holding in *Franchise Tax Board* demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of the Employee Retirement Income Security Act . . . . but [the Supreme Court] nevertheless concluded that federal jurisdiction was lacking." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229 (1986).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-02472-JHN-AGRx | Date | April 13, 2010 |
|---|---|---|---|
| Title | Philip J. Layfield et al v. National City Bank et al | | |

they assert that Defendants breached their agreement with Plaintiffs by revoking their line of credit based on faulty appraisal methods.  The Complaint does not, however, "necessarily turn" on a resolution of Regulation Z.  Rather, the thrust of Plaintiffs'
argument is that Defendants violated the terms of their own agreement and also violated "Defendants' [own] under-writing protocols[.]" Compl. ¶ 24.

Accordingly, this matter is hereby REMANDED to the Los Angeles Superior Court.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |